**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

WILMINGTON SAVINGS FUND )
SOCIETY, FSB, )
                                  )
        Plaintiff, )
                                  )
        v. )
                                  )    C.A. No.:  N13J-04-323 ALR
VANJYOTSNA PATEL, DILIP )
PATEL, PRAVEEN PATEL and )
JYOTI PATEL, )
                                  )
        Defendants. )
                                  )

*ORDER OF THE COMMISSIONER DATED JANUARY 9, 2015 – AFFIRMED*
*WRIT OF EXECUTION – GRANTED*

Submitted: February 16, 2015
Decided: February 23, 2015

This matter is before the Court on Defendant's Objection to the Commissioner's Order dated January 9, 2015 by which the Commissioner granted Plaintiff's Motion for Notice of Execution. Upon consideration of Defendant's objection and Plaintiff's opposition thereto and the entire record before the Court, the Court finds as follows:

1. Under Superior Court Civil Rule 132,[1] Commissioners have the power to conduct both dispositive and non-dispositive hearings and to make certain

---

[1]    Super. Ct. Civ. R. 132(a)(3) & (4).

pre-trial determinations and recommendations.[2] The fundamental nature of the subject matter under review—dispositive or non-dispositive—dictates the degree of deference a judge must give to such a determination.[3] Upon review of a Commissioner's case-dispositive determination, a judge engages in a *de novo* review.[4] For such case-dispositive determinations, therefore, the Commissioner's disposition acts as proposed findings of fact and recommendations and the judge makes a *de novo* determination of those specified portions, proposed findings of fact, or recommendations to which an objection is made.[5] For non case-dispositive matters, by contrast, the Commissioner's order is reconsidered by a judge only "where [it] has been shown on the record" that the order is "based upon findings of fact that are clearly erroneous, or [] contrary to law, or [] an abuse of discretion."[6]

2. This case was filed as a judgment action, on which Plaintiff sought to execute. On December 22, 2014, an evidentiary hearing was held to consider Plaintiff's request for a writ to execute on the deficiency judgment.

---

[2] *New Castle County v. Kostyshyn*, 2014 WL 1347745, at *3 (Del. Super. Ct. April 4, 2014).
[3] *Id.*
[4] Super. Ct. Civ. R. 132(a)(4)(iv).
[5] Super. Ct. Civ. R. 132(a)(4)(ii).
[6] Super. Ct. Civ. R. 132(a)(3)(ii) & (iv).

3. Effectively, the Commissioner's Order will be case-dispositive. Regardless of the standard of review, however, the Commissioner's Order must be affirmed.

4. The Commissioner found that, based on the clear language of the guaranties in this case, Defendants have contractually agreed to pay the deficiency judgment and agreed to waive any rights or defenses to contest this action. Furthermore, Defendants cannot collaterally attack the value associated with the Property recovered at the sale based on the principal of res judicata.

5. As a result, Plaintiff is entitled to collect the deficiency from Defendants. The Commissioner's decision was correct, and must be upheld whether a *de novo* review is applied or a limited review is applied.

6. The Commissioner was correct in granting Plaintiff a writ of execution in this case and no argument asserted by the Defendants warrants a different result by this Court.

**NOW, THEREFORE, this 23rd day of February 2015, the Objections of Defendants are OVERRULED; the Order of the Commissioner dated January 9, 2015 is hereby AFFIRMED; and the WRIT of EXCUTION is**

**GRANTED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**Honorable Andrea L. Rocanelli**

4